[Civ. No. 8002.   First Appellate District, Division Two.—November 3, 1931.]

WILLIAM P. PANN, etc., Appellant, v. EDMUND D. BARRY et al., Respondents.

George P. Adams and W. W. Orme for Appellant.

Woodruff, Musick & Hartke for Respondents.

SPENCE, J.—Plaintiff brought this action to recover damages for the alleged breach of contract by defendants. Defendants cross-complained seeking damages for the alleged breach of the said contract by plaintiff. From a judgment in favor of defendants and cross-complainants, plaintiff and cross-defendant appeals.

The contract which was executed by the parties under date of December 3, 1926, read as follows:

"In consideration of an advance of Four Thousand ($4000.) Dollars, receipt of which is hereby acknowledged, A. Belle Barry and E. D. Barry, of Pasadena, California, places the marketing of her entire crop of oranges on their ninety acres, situated eighty acres on the southeast corner of Workman avenue and Lark Ellen blvd., and ten acres on Arroyo drive, near Puente blvd., West Covina, California, in the hands of the Angeles Brokerage Company to market for their account, and agrees to pay 75¢ per packed box for packing, and 15¢ per packed box for selling.

"If the picking and hauling is done by the Angeles Brokerage Company, they will charge cost and same to be at the expense of the grower.

"It is understood that all of the fruit will be sold on a cash California basis, unless otherwise mutually agreed at time of shipment.

"The Angeles Brokerage Company agrees to render returns on each shipment as soon as sold."

Under this agreement plaintiff packed and sold twelve carloads of respondents' fruit containing 5,004 boxes. Thereafter defendants, claiming the right to rescind and terminate the agreement, served upon plaintiff a notice of rescission and refused to permit plaintiff to proceed. In his complaint plaintiff alleged performance on his part and breach of the agreement by defendants. He sought to recover certain sums alleged to have been paid out on behalf of defendants in addition to his alleged loss of profits on the packing and sale of the remaining fruit. In the answer and cross-complaint defendants denied any breach on their part, alleged that they had rescinded the agreement because of fraud and failure of consideration based upon plaintiff's breach of the agreement and sought damages by reason of plaintiff's alleged breach. The trial court found among other things

that the crops were not sold by plaintiff in compliance with the agreement in that they were not sold at the "best obtainable or current market price" and were not sold on a "cash California basis"; that plaintiff did not render returns on each shipment as soon as sold and that the statements when rendered were incorrect and untrue in that they "contained statements showing that said oranges had been sold for a smaller amount than had actually been received by the plaintiff for said oranges and smaller than the amount for which they had actually been sold"; that defendants refused to permit plaintiff to proceed further under the contract by reason of the violation of its terms by plaintiff and served upon plaintiff notice of rescission; that plaintiff packed, shipped and sold 5,004 boxes of defendants' oranges which should and would have yielded net to defendants the sum of $12,510 ($2.50 per box) in the event that plaintiff had sold the same in compliance with the terms of the contract; that the oranges were not so sold but were sold by plaintiff at a price which yielded defendants $4,047.15 less than the foregoing amount; that the violation of the agreement by plaintiff resulted in and constituted a failure of consideration and that the contract was rescinded by defendants by the notice of rescission. The trial court further determined the amount of credits to which plaintiff was entitled and, after deducting said credits from the amount which it found that defendants had been damaged, gave judgment in favor of defendants for the balance.

Appellant contends that the trial court erred in its ruling upon the admission of evidence. We have considered appellant's numerous specifications of error and have examined the entire record including the evidence. In our opinion no prejudicial error was committed. Practically all of the alleged errors to which appellant calls our attention relate to the admissibility of the evidence offered by respondents with respect to the market value of respondents' fruit which was sold by appellant. The average net price credited to respondent by appellant was approximately $1.67 per box for the 5,004 boxes sold. Respondent sought by several witnesses to show that the market value of the fruit was at least $2.50 per box net to the grower at that time. Witnesses were called and over objection testified to other sales of fruit in the vicinity at about that time at figures

in excess of $2.50 per box net to the grower, but the only witness for respondent who gave his opinion with respect to the value of respondents' fruit was the witness Damerel. He stated that the average net price to the grower and the price which respondents' fruit should have brought on a cash California basis during the period in question was "Around $2.60. It would not be less than $2.50 at any time during that period." In addition to appellant's general objections to the questions propounded, he interposed the objection that no proper foundation had been laid. This latter objection was based upon the fact that the witness had not actually seen the oranges in question and had not actually sold any of that particular type of oranges on a cash California basis during the months of December and January when appellant sold respondents' fruit. However, it appears from reading the testimony of the witness that he had engaged in the business of growing, packing and selling citrus fruits and was so engaged during 1926 and 1927, being the season when the fruit was sold; that he had shipped a portion of that season's crop from respondents' grove after appellant had shipped the fruit in question; that he was generally familiar with the condition of the citrus fruit in that vicinity during that season and with the conditions in the groves surrounding respondents' grove; that he had heard appellant testify describing the type and character of the oranges which appellant had shipped from respondents' grove. Under these circumstances a proper foundation was laid and the court properly admitted his testimony relating to the market value of the fruit. The fact that he had not seen the particular fruit and had not sold any of that particular type on a cash California basis at that time might affect the weight but not the admissibility of the witness' testimony.

Appellant further contends that the evidence was insufficient to support the findings. We deem it unnecessary to discuss the sufficiency of the evidence to support the findings of fraud or other findings upon immaterial issues as the record discloses that there was ample evidence to support all of the material findings above set forth. These findings were sufficient to sustain the judgment as the material breach of the agreement by appellant constituted a partial failure of consideration within the meaning of sec-

tion 1689 of the Civil Code entitling respondents to rescind. (6 Cal. Jur. 392, and cases cited.)

Appellant calls our attention to the fact that the judgment is in the sum of $3,586.08, "together with interest on said sum from June 25, 1927, at the rate of seven per cent (7%) per annum until paid". It is apparent from the findings that the date mentioned should be June 25, 1928, as contended by appellant and conceded by respondents. The judgment is therefore modified by striking out the word and figures "June 25, 1927" and inserting in lieu thereof the word and figures "June 25, 1928", and as so modified, the judgment is affirmed, respondent to recover costs on this appeal.

Nourse, P. J., and Sturtevant, J., concurred.